IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GABRIEL C. CORCHADO PÉREZ,<br><br>Plaintiff,<br><br>v.<br><br>DAIICHI SANKYO DE PUERTO RICO ("DSI"); INSURANCE COMPANIES A, B, AND C INC.; JOHN DOE AND RICHARD DOE ,<br><br>Defendants. | CIVIL NO.: |

### NOTICE OF REMOVAL[1]

**TO THE HONORABLE COURT:**

**COMES NOW** DAIICHI SANKYO DE PUERTO RICO, INC. (hereinafter, "Daiichi"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of this action from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Mayaguez, to the United States District Court for the District of Puerto Rico. The removal of this case is based on the following grounds:

### I.   INTRODUCTION

On April 2, 2018, Plaintiff initiated a State[2] Court an action before the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Mayaguez, styled *Gabriel C. Corchado Perez v. Daiichi Sankyo de Puerto Rico (DSI), et als*, Civil Case No. ISCI20180253 (205). A true and exact copy of the Complaint and Summons has been attached as **Exhibit A.**

---

[1] On this same date an Answer to the Complaint of caption is being filed accordingly.
[2] Section 1332(d) considers that "[t]he word "States," as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C.A. § 1332(d).

1

Copies of the original Complaint and Summons in this action were served on Daiichi on May 17, 2018. **See Id**.

From a cursory review of the Complaint, Plaintiff, among others, specifically alleges a claim under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). **See Exhibit A, ¶¶3.4-3.5**. As such, in this case a federal question is clearly presented on the face of Plaintiff's Compliant. **See Id**; *See* Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); *see also* Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999). Furthermore, pursuant to Plaintiff's allegations it is evident that Plaintiff is also alleging a claim under the Employee Retirement Income Security Act ("ERISA"). Specifically, the Plaintiff is challenging the amount of the Daiichi Sanko de Puerto Rico, Inc. Severance Plan's (the "Plan") payment provided to him during his employment termination process. **See Exhibit A, ¶¶3.9-3.14**. The Plan from which Plaintiff is seeking recovery is offered by Daiichi to its employees and it is governed by ERISA.[3] Savings and retirement plans sponsored by private employers, including the Plan at issue here, fall within ERISA's definition of an employee pension benefit plan subject to ERISA. ERISA § 3(1), 29 U.S.C. § 1002(2)(A) (defining employee pension benefit plan); ERISA § 4, 29 U.S.C. § 1003 (providing scope of ERISA's coverage). The ERISA-governed plan provided by Daiichi controls among other things, the deductions/contributions towards the Plan, the processing of claims and the payment of benefits from such plans, which completely preempts Plaintiff's claims to the extent they relate to such plans.  As such, the Plaintiff in the Complaint has stated claims arising under two (2) federal statutes, these being COBRA and ERISA.

Consequently, Defendant Daiichi seeks to remove this case from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Mayaguez, to the U.S. District

---

[3] Attached as Exhibit B – The Daiichi Sankyo de Puerto Rico, Inc., Severance Plan and Summary Plan Description.

Court for the District of Puerto Rico on the basis of this Court's original federal question jurisdiction under Sections 1331 and 1441 of Title 28 of the United States Code, and this Court's supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367. The removal of this action is being sought within the prescribed time limits according to the provisions of 28 U.S.C § 1446 (a) and (b).

## II.   DISCUSSION

### A.   Removal of State Court Actions

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending," here the District Court of Puerto Rico. As demonstrated below, this action is removable under 28 U.S.C. § 1441(a) in that the district court would have original jurisdiction under 28 U.S.C. § 1332 (federal question).

### B.   Federal Question Jurisdiction

As previously stated, Plaintiff in the Complaint has specifically asserted a claim under COBRA. **See Exhibit A, ¶¶3.4-3.5, 3.9-3.14**. As such, in this case a federal question is clearly presented on the face of Plaintiff's Compliant. **See Id**; *See* Caterpillar, Inc. v. Williams, 482 U.S. at 392; *see also* Danca v. Private Health Care Systems, Inc., 185 F.3d at 4. Furthermore, Plaintiff's claim of an alleged incorrect payment of the Plan necessarily arises under ERISA. Because the Plan is an "employee benefit plan" as defined in ERISA Section 3(3), 29 U.S.C. § 1002(3), and is not excluded from coverage under ERISA by ERISA Section 4(b), 29 U.S.C. § 1003(b), Plaintiff's allegations of unlawful deductions towards the Plan fall within the civil enforcement provisions of ERISA. *See*, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

As a result, the district courts of the United States have original jurisdiction over this matter without regard to the amount in controversy, the citizenship of the parties, or any purported state law nature of the pled cause of action. *See*, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f); s*ee also*, *Metropolitan Life*, 481 U.S. 58, 107 S.Ct. 1542; *Pilot Life*, 481 U.S. 41, 107 S.Ct. 1549. This matter is, therefore, removable pursuant to 28 U.S.C. § 1441(b).

### C.   Venue

The United States District Court for the District of Puerto Rico is the judicial district embracing the place where the state court action was brought and is pending. *See*, 28 U.S.C. § 89(c) and §§ 1441(a) and 1446(a).

### D.   State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Daiichi is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. True and exact copies of the Complaint and Summons - in the Spanish language, as well as their certified translations in English, are attached hereto as Daiichi's **Exhibit A**. Furthermore, simultaneously with the filing of this Notice of Removal, Daiichi is providing written notice to all adverse parties, by and through their counsel, and will promptly file a copy of this Notice of Removal with the Clerk of the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court of Mayaguez.

### III.   CONCLUSION

For the reasons stated herein, Daiichi respectfully requests that this case proceed before this Court as an action properly removed pursuant to §§ 1441 and 1446.

**WHEREFORE**, Daiichi respectfully provides notice of the removal of this action to this Honorable Court, and requests that this case proceed as an action properly removed under the aforementioned sections of the United States Code

**WE HEREBY CERTIFY** that on this day we electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that a true and exact copy of the foregoing, with its enclosures, shall be sent on this same date, via certified mail, to plaintiff's attorney, Gamaliel Rodriguez López, at Emilio Fagot Ave., Office 2906, Ponce, Puerto Rico, 00731; and P.O. Box 331646, Ponce, Puerto Rico, 00733-1646, as well as to plaintiff, Gabriel C. Corchado Pérez at 3019 Hacienda La Quinta, Isabela, Puerto Rico, 00662.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of June 2018.

                                          O'Neill & Borges, LLC
                                          250 Muñoz Rivera Ave.
                                          San Juan, PR  00918-1813
                                          Tel.: (787) 764-8181
                                          Fax: (787) 753-8944

                                          *s/ Carlos E. George Iguina*
                                          Carlos E. George Iguina
                                          USDC-PR Bar No. 213213
                                          *carlos.george@oneillborges.com*

                                          s/Joanna B. Matos Hicks
                                          Joanna B. Matos Hicks
                                          USDC-PR No. 227507
                                          joanna.matos@oneillborges.com