*CERTIFIED TRANSLATION*                    BY: OLGA M. ALICEA, FCCI, NJITCE-S

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## MAYAGUEZ COURT

| | |
|---|---|
| GABRIEL C. CORCHADO PEREZ<br><br>Plaintiff<br><br>v.<br><br>DAIICHI SANKYO DE PUERTO RICO, (DSI); INSURANCE COMPANIES A, B, AND C INC.; JOHN DOE AND RICHARD DOE<br><br>Defendants. | CIVIL NO. ISCI201800253 (205)<br><br>RE:<br><br>BREACH OF CONTRACT AND DAMAGES<br><br>**[Document filing stamp:<br>CLERK'S OFFICE, CIVIL SECTION<br>MAYAGÜEZ JUDICIAL CENTER**<br><br>**2018 APR -2  PM  4: 41]** |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now plaintiff, through his undersigned legal representation, and respectfully states and prays:

### I.  JURISDICTION AND VENUE

1.1    The Court of First Instance of Puerto Rico, Mayaguez Court, has jurisdiction to address this matter according to Article 5.001 of the Puerto Rico Law of the Judiciary of 2003, as amended.

1.2    The Court of First Instance of Puerto Rico, Mayaguez Court, has jurisdiction to address matter pursuant to Rule 3.4 of the Rules of Civil Procedure, as this cause of action originated in the city of Mayaguez, Puerto Rico.

### II.  PARTIES

2.1.    The physical and mailing address of plaintiff Gabriel C. Corchado Pérez is as follows:  3019 Hacienda La Quinta, Isabela, P.R. 00662, telephone (787) 980-8802.

2.2    Codefendant Daiichi Sankyo de Puerto Rico is a for profit corporation, allegedly authorized to do business in Puerto Rico, and its mailing address is: Two Hilton Court, Parsippany, NJ  07054.

2.3     Designated by the fictitious name of ABC, Inc., is any insurance company that has issued an insurance policy in favor of any of the codefendants that may cover the damages that are claimed by plaintiff and whose true name is currently unknown.

2.4     Designated by the fictitious names of John Doe and Richard Doe are any natural or legal persons that have been the cause, or have contributed to the cause of the damages suffered by plaintiff, and whose real names are currently unknown.

### III.  FACTS RELEVANT TO THE CLAIM

3.1     Plaintiff began working with defendant in the year 2007 as a medical representative.

3.2     Plaintiff worked for defendant for a period of ten years, during which he performed his duties and responsibilities in an excellent and efficient fashion.  He stopped working for defendant for a short period of time.  However, he was later reinstated and as part of his employment contract he had the same previous working conditions and it was guaranteed to him that he would keep the hours and days for sick leave, vacations, commissions, and benefits.

3.3     Effective March 31, 2017, plaintiff was dismissed from his job without any legal justification.  He was not given a letter, any document, or verbal argument that justified his dismissal.

3.4     While he worked with defendant, plaintiff had family medical insurance with Triple S.  The company paid one part and plaintiff paid approximately twenty percent.  However, on the date of his dismissal, plaintiff did not receive any guidance, nor was he given documents to strictly comply with the *Consolidated Omnibus Budget Reconciliation Act OR [sic] 1985* (COBRA).

3.5     Defendant, illegally, offered to provide him with the guidance and the documents on said law on the condition that he sign a *Severance Agreement, General Release and Waiver*. In effect, since plaintiff did not agree to sign it because that implied that his rights will be

violated, defendant did not provide him with either the guidance or the documents on the COBRA act.

3.6     Three months after being dismissed, plaintiff was diagnosed with the condition of hydrocele.  This condition caused swelling of his testicles.  As a result of that medical diagnosis, plaintiff suffered intense pains, anguish, uneasiness, and his sexual activity was drastically affected.  These damages are estimated in an amount of not less than one hundred thousand dollars ($100,000.00).

3.7     The plaintiff finally was operated by Dr. Jorge Rivera Herrera, a specialist in urology, in August 2017.  That surgery had to be paid by plaintiff, despite his precarious economic situation and he had to disburse one thousand five hundred dollars ($1,500.00).

3.8     Plaintiff obtained an award for his work and performance, which was not given to him, which amounted to seven thousand five hundred dollars $7,500.00).

3.9     Likewise, the *Liquidation Package* that was provided to plaintiff when he was dismissed was not computed according to the years of that plaintiff had worked for defendant.

3.10    The *Liquidation Package* was not calculated either according to the actual items that were supposed to be included in such transaction.

3.11    On multiple occasions, plaintiff asked defendant to correct the deficiencies, since that work was contemplated in the contract.  Some of the dates when he formally requested specific performance of the agreements were: by email on February 3, 2017, on February 10, 2107, on February 14, 2017, and on February 15, 2017, and by written communication on March 29, 2017.

3.12    Defendant's breach through temerity of the obligations contracted was such that plaintiff had to incur in additional expenses to be able to subsist.

3.13    The obligated contracted and breached by defendant constitute essential aspects of the agreement between the parties.  That is, that they are not ancillary obligations but essential obligations for which the parties signed an employment contract.

3.14   In this case, defendant breached essential obligations of the employment contract between the parties causing serious economic and moral damages to plaintiff.  All of this even though on countless occasions codefendants' attention was called and they were provided with documentation so that they could comply with what they had covenanted.

#### IV.   FIRST CAUSE OF ACTION:  BREACH OF CONTRACT, REQUEST FOR SPECIFIC PERFORMANCE, AND DAMAGES

4.1   All of the assertions of fact that are stated in this complaint under the title "FACTS RELEVANT TO THE CLAIM" are adopted by reference as if the same had been literally transcribed in this paragraph.

4.2   It is requested of this Honorable Court that it order the legal entity Daiichi Sankyo de Puerto Rico to comply with the contractual obligations in efficiently and adequately.

#### V.  SECOND CAUSE OF ACTION:  MORAL DAMAGES AND MENTAL ANGUISH

5.1   All of the assertions of fact that are stated in this complaint under the title "FACTS RELEVANT TO THE CLAIM" and in the subtitle "FIRST CAUSE OF ACTION: BREACH OF CONTRACT, REQUEST FOR SPECIFIC PERFORMANCE, AND DAMAGES[,"] are adopted by reference as if the same had been literally transcribed in this paragraph.

5.2   Given the breach of the essential obligations of the contract by codefendants, plaintiff attempted on multiple occasions to contact any representative of codefendants; these communications were done by telephone calls, emails, verbal communications, etc.  However, through temerity, have refused to correct the situations related and documented by plaintiff, causing him to be forced to incur in additional expenses to be able to file a claim through judicial means regarding the items to which he is entitled.

**WHEREFORE**, it is respectfully prayed that this Court:

a.   grant the Complaint filed,

c.   *[sic]* order specific performance of what was covenanted with plaintiff

d.   impose jointly on al codefendants the payment of the items claims, plus legal accrued interest, as of the filing of the complaint,

e.  impose jointly on all codefendants the payment of the costs, expenses, and attorneys' fees in the amount of fifteen thousand dollars $15,000.00 due to its temerity.

In Ponce, Puerto Rico, on April 2, 2018.



GAMALIEL RODRIGUEZ LOPEZ (5396)
GAMALIEL RODRIGUEZ BALLESTER (15,913)
Attorneys for plaintiff
Emilio Fagot Avenue
Office 2906
Ponce, P.R.  00731
PO Box 331646
Ponce, PR  00733-1646
Tels. (787) 651-3969 / (787) 651-3588
Fax (787) 651-3534
E-mail:  bufetegrodriguez@hotmail.com



        _____(Signed)_____
GAMALIEL RODRIGUEZ BALLESTER (15,913)

CERTIFICATION
I, Olga M. Alicea, an English-Spanish Interpreter and Translator certified to that effect by the Administrative Office of the U.S. Courts and by the National Association of Judiciary Interpreters & Translators (NAJIT), do hereby certify that I have personally translated the foregoing document from Spanish to English and that the translation is true and accurate to the best of my knowledge and abilities.
S/   Olga M. Alicea                                                    June 8, 2018
Olga M. Alicea, fcci, njitce-s,   Fed. Cert. No. 98-005                    date

*CERTIFIED TRANSLATION*                       BY: OLGA M. ALICEA, FCCI, NJITCE-S

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**MAYAGÜEZ COURT**

| | |
|---|---|
| GABRIEL C. CORCHADO PEREZ | CIVIL NO. ISCI201800253 (205) |
| Plaintiff | |
| | RE: |
| v. | |
| DAIICHI SANKYO DE PUERTO RICO, (DSI); INSURANCE COMPANIES A, B, AND C INC.; JOHN DOE AND RICHARD DOE | BREACH OF CONTRACT AND DAMAGES |
| Defendants. | |

***SUMMONS***

UNITED STATES OF AMERICA                              )
THE PRESIDENT OF THE UNITED STATES          )          SS
THE COMMONWEALTH OF PUERTO RICO          )

**TO:**   DAIICHI SANKYO DE PUERTO RICO (DSI)
Two Hilton Court
Parsippany, NJ   07054

YOU ARE HEREBY served so that you will file with the court your responsive allegation to the Complaint within thirty (30) days of having been served with this summons, excluding the date of service, notifying a copy of the same to the attorneys for plaintiff or to plaintiff, should he not have legal representation.  Should you fail to file your responsive allegation within the mentioned term, the court may enter judgment by default against you and grant the remedy requested in the Complaint, or any other, if the court, in its sound discretion, deems it warranted.

Gamaliel Rodríguez Law Firm
P.O. Box 331646
Ponce, Puerto Rico  00733-1646
2906 Emilio Fagot Avenue
Ponce, PR  00716
Tel.  (787) 651-3969 / (787) 651-3588  Fax  (787) 651-3534
E-mail: bufetegrodriguez@hotmail.com

Issued under my signature and the seal of the Court, today APR  -2  2018.

[Illegible] Irizarry
 Regional Clerk
Clerk                                                        APR  -2  2018
                                                                    Date

Ramona Barbot Perez
By _____ (Illegible) (Initials illegible) _____
Assistant Clerk

[Official Seal of the Court]

*CERTIFIED TRANSLATION*                      BY: OLGA M. ALICEA, FCCI, NJITCE-S

Case no._____

## SERVICE OF PROCESS BY AN INDIVIDUAL

I, __Carlos [Illegible]__, declare that I have the legal capacity according to Rule 4.3 of Civil Procedure of Puerto Rico, and I certify that the service of the summons and of the complaint in the referenced case was done by me, on May 17, 2018, in the following manner:

_____Through personal delivery to the defendant at the following physical address: _____
_____
_____

__X__Leaving a copy of the documents with an agent authorized by the defendant at the following physical address: __Daiichi Sankyo PR_____
                              C/O Federico Calaf, Esq._____

_____The summons could not be served personally due to:_____
_____

## COSTS OF THE SERVICE OF PROCESS

$_____

## DECLARATION OF THE PROCESS SERVER

I declare under penalty of perjury, according to the laws of the Commonwealth of Puerto Rico, that the information provided in the service of process of the summons is true and correct.

IN WITNESS WHEREOF, I subscribe this document at ___San Juan___, Puerto Rico , today _May 17, 2018_.

_____[Signature illegible]_____
Signature of the Process Server

_____Ponce  PR_____

_____
Address of the Process Server

AFFIDAVIT NO._____

Sworn to and subscribed before me by _____, who is of legal age, _____, and a resident of _____, Puerto Rico, whom I identified through _____, Puerto Rico, today _____, 2017.

_____
NOTARY PUBLIC

CERTIFICATION
I, OLGA M. ALICEA, AN ENGLISH-SPANISH INTERPRETER AND TRANSLATOR CERTIFIED TO THAT EFFECT BY THE ADMINISTRATIVE OFFICE OF THE U.S. COURTS AND BY THE NATIONAL ASSOCIATION OF JUDICIARY INTERPRETERS & TRANSLATORS (NAJIT), DO HEREBY CERTIFY THAT I HAVE PERSONALLY TRANSLATED THE FOREGOING DOCUMENT FROM SPANISH TO ENGLISH AND THAT THE TRANSLATION IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND ABILITIES.

S/  OLGA M. ALICEA                               JUNE 11, 2018
OLGA M. ALICEA, FCCI, NJITCE-S,   FED. CERT. NO. 98-005          DATE